**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| INNOVATIVE FOUNDRY<br>TECHNOLOGIES LLC,<br><br>          Plaintiff,<br><br>          v.<br><br>SEMICONDUCTOR MANUFACTURING<br>INTERNATIONAL CORPORATION;<br>SEMICONDUCTOR MANUFACTURING<br>INTERNATIONAL (SHANGHAI)<br>CORPORATION; SEMICONDUCTOR<br>MANUFACTURING INTERNATIONAL<br>(BEIJING) CORPORATION;<br>SEMICONDUCTOR MANUFACTURING<br>INTERNATIONAL (TIANJIN)<br>CORPORATION; SEMICONDUCTOR<br>MANUFACTURING INTERNATIONAL<br>(BVI) CORPORATION;<br>SEMICONDUCTOR MANUFACTURING<br>NORTH CHINA (BEIJING)<br>CORPORATION; SEMICONDUCTOR<br>MANUFACTURING SOUTH CHINA<br>CORPORATION; BROADCOM<br>INCORPORATED; BROADCOM<br>CORPORATION; CYPRESS<br>SEMICONDUCTOR CORPORATION; and<br>DISH NETWORK CORPORATION.<br><br>          Defendants. | C.A. No.: 6:19-cv-00719-ADA<br><br>JURY TRIAL DEMANDED |

**SEMICONDUCTOR MANUFACTURING INTERNATIONAL (BVI)**
**CORPORATION'S MOTION TO DISMISS IFT'S FIRST AMENDED COMPLAINT**
**<u>PURSUANT TO FED. R. CIV. P. 12(B)(7)</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................ 2

III.    LEGAL STANDARDS .................................................................................. 6

     A.    Federal Rules of Civil Procedure 12(b)(7) and 19 ................................... 6

IV.     ARGUMENT .................................................................................................. 8

     A.    SCA Is a Required Party to this Suit Under Rule 19 ............................... 8

          1.    Without SCA, the Court Cannot Accord Complete Relief Among the Parties ........................................................................................... 9

          2.    Disposing of the Action Without SCA Impairs SCA's Ability to Defend Itself and Its Customers ....................................................... 10

     B.    Joinder Is Not Feasible Because Venue Is Improper for SCA ............................. 11

     C.    This Suit Should Not Proceed Without SCA ....................................................... 12

          1.    Proceeding Without SCA Is Prejudicial to SCA and the Existing Parties 12

          2.    There Is No Way to Lessen Prejudice to SCA ......................................... 13

          3.    Any Judgment in this Case Would Be Incomplete Without SCA ........... 14

          4.    IFT Has an Adequate Remedy ................................................................. 15

V.      CONCLUSION ............................................................................................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cray Inc.,*
    871 F.3d 1355 (Fed. Cir. 2017)................................................................................12

*Dernick v. Bralorne Res., Ltd.,*
    639 F.2d 196 (5th Cir. 1981) ...................................................................................7

*E.E.O.C. v. Peabody W. Coal Co.,*
    400 F.3d 774 (9th Cir. 2005) .................................................................................11

*Freeman v. Northwest Acceptance Corporation,*
    754 F.2d 553 (5th Cir. 1985) ...................................................................................7

*Jaffer v. Standard Chtd. Bank,*
    301 F.R.D. 256 (N.D. Tex. 2014) ...............................................................7, 14, 15

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.,*
    201 F.R.D. 337 (D. Del. 2001) .......................................................................11, 13

*Lone Star Silicon Innovations LLC v. Semiconductor Mfg. Int'l Corp.,*
    Case No. 2:16-cv-1276-JRG-RSP (E.D. Tex. Nov. 16, 2016) ...........................5, 12

*Hood ex. rel. Mississippi v. Cty. Of Memphis,*
    570 F.3d 625 (5th Cir. 2009) ...................................................................................7

*Provident Tradesmens Bank & Tr. Co. v. Patterson,*
    390 U.S. 102, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968)............................................14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
    137 S. Ct. 1514 (2017).......................................................................................5, 11

*Tick v. Cohen,*
    787 F.2d 1490 (11th Cir. 1986) .............................................................................11

*Timberlake v. Synthes Spine, Inc.,*
    No. V-08-4, 2011 WL 2607044 (S.D. Tex. June 30, 2011)......................8, 9, 13, 15

*In re Toyota Motor Corp.,*
    785 F. Supp. 2d 883 (C.D. Cal. 2011) .......................................................... *passim*

**Statutes**

28 U.S. Code § 1331 ....................................................................................................8

## I.       INTRODUCTION

Semiconductor Manufacturing International (BVI) Corporation ("SMIC BVI") brings this motion because IFT's infringement allegations seek to hold SMIC BVI responsible for the actions of a related SMIC entity that is not a party to this suit:  SMIC, Americas ("SCA").  More specifically, IFT alleges that certain "SMIC" products infringe four of IFT's patents.  But SCA is the only entity in the SMIC family located in the United States that sells the accused products.  Thus, IFT's claims of infringement should be directed against SCA.  Other SMIC entities manufacture SMIC's products (including Semiconductor Manufacturing International (Shanghai) Corporation ("SMIC Shanghai"); Semiconductor Manufacturing International (Beijing) Corporation ("SMIC Beijing"); Semiconductor Manufacturing International (Tianjin) Corporation; Semiconductor Manufacturing North China (Beijing) Corporation; and Semiconductor Manufacturing South China Corporation) and/or assist in the sales process (such as SMIC BVI), but each of these entities is located abroad.  Thus, to the extent that IFT has any actionable claims under its patents for actions in the United States, SCA is an essential defendant.

Yet, IFT has continued to avoid suing SCA in this action because IFT knows that venue is improper.  To avoid proper jurisdictional and venue analysis, IFT instead attempted to improperly hold Semiconductor Manufacturing International Corporation ("SMIC Cayman") liable for SCA's actions.  After IFT refused to add SCA to the current suit, SCA and others entities filed their own declaratory judgment suit in order to properly defend their products against IFT's allegations.  IFT responsively added several foreign SMIC defendants to this case in IFT's Amended Complaint (filed the very next day), but notably still refused to sue SCA.  Thus, each of the SMIC entities named as defendants are located abroad; none are responsible for the actions of SCA in the United States.

Federal Rule of Civil Procedure 12(b)(7) and Rule 19 are intended to safeguard against this precise situation, where not all necessary parties are named. Rule 19 in particular sets forth a multipart test to determine if an absent party is deemed "required." Under that test, SCA is a required party for two reasons. First, because SCA's actions (sales of the accused products) are directly at issue, the SMIC entities that are in the case cannot obtain complete relief without SCA being joined as a party. For example, even if the Court finds that none of the SMIC entities infringe, IFT could simply turn around and file suit separately against SCA. Second, as a nonparty, SCA's absence from the suit impedes its ability to defend against IFT's claims. Thus, SCA is a required party.

Joinder is not feasible here, because SCA is not subject to venue in the Western District of Texas. Therefore, the Court should dismiss the claims against SMIC BVI. IFT will not be prejudiced by dismissal, however, as IFT can proceed against SCA in the Northern District of California, where both IFT and SCA are parties to a currently pending suit.

## II.     STATEMENT OF FACTS

The tradename "SMIC" refers to a group of related entities, known as the "SMIC Group." IFT's Complaint named SMIC Cayman as a defendant. Dkt. No. 1 ¶ 2. SMIC Cayman is a financial holding company that holds shares in various subsidiaries that together make up the "SMIC Group." Dkt. No. 43-1 (1st SMIC Cayman Decl.) ¶ 4. SMIC Cayman itself has no actual business operations apart from those of a financial holding company. *Id.* It has only two employees. *Id.* ¶ 5. SMIC Cayman has subsidiaries that manufacture and sell semiconductor devices around the world, but SMIC Cayman is not involved in that process. *See, e.g.*, Dkt. No. 47-1 (2018 SMIC Cayman Annual Report), at 165 (listing activities of subsidiaries); *see also* Dkt. No. 43-1 (1st SMIC Cayman Decl.) ¶ 10 ("SMIC Cayman does not design, sell, offer to sell,

import, make, or use any of the semiconductor devices accused in the complaint…, or any downstream product containing these devices.").

Instead, SMIC Cayman has separate subsidiaries responsible for the manufacturing and sales processes. All SMIC-branded semiconductor devices are manufactured abroad by foreign SMIC entities. There are several SMIC manufacturing entities, including: Semiconductor Manufacturing International (Shanghai) Corporation ("SMIC Shanghai"); Semiconductor Manufacturing International (Beijing) Corporation ("SMIC Beijing"); Semiconductor Manufacturing International (Tianjin) Corporation; Semiconductor Manufacturing North China (Beijing) Corporation; and Semiconductor Manufacturing South China Corporation (collectively, the "SMIC Manufacturing Entities"). None of the SMIC Manufacturing Entities have any presence in the United States.

For sales, there is a dedicated SMIC entity—SCA—that sells "SMIC" devices to customers in the United States. Dkt. No. 43-2, at 2. SCA is the only SMIC entity in the United States that sells any of the accused products. Dkt No. 82-8 ¶¶ 1, 12.

SMIC BVI is a foreign subsidiary of SMIC Cayman. SMIC BVI has no operations in the United States. Dkt No. 82-8 ¶ 5. SMIC BVI does not manufacture the accused devices. Dkt No. 82-8 ¶ 13; Dkt. No. 47-1, at 165 (SMIC BVI's principal activities are the "[p]rovision of marketing related activities.") Instead, SMIC BVI facilitates purchase orders for sales made by SMIC Cayman's regional subsidiaries, including SCA for United States based customers. *Id.* Thus, while the SMIC Manufacturing Entities and SMIC BVI may manufacture and even participate in the sales process for the accused products (respectively), none of those activities are based out of the United States.

IFT should have known these facts when it filed its original Complaint in December 2019. Yet IFT's complaint alleged that SMIC Cayman makes and sells semiconductor devices that infringe four of IFT's patents.  Dkt. No. 1 ¶¶ 88, 93.  To support these allegations, IFT's complaint cited the SMIC Group's website, as well as various financial reports that made clear the roles of SMIC Cayman and its subsidiaries.  Dkt. No. 1 (IFT's Original Complaint) ¶¶ 2, 4-10, 14-15, 53-54, 58.  For example, the financial reports described the "principal activities" of each of SMIC Cayman's subsidiaries, including SCA, SMIC BVI, and SMIC Manufacturing Entities.  Dkt. No. 47-1, at 165.  Additionally, the smics.com website identified the SMIC entities that manufacture products at the various technology nodes accused in IFT's complaint.  *See* Ex. A (SMIC's website identifying factories associated with the accused process technologies); Dkt. No. 47-1, at 165 (listing the entities that correspond to the factories listed on SMIC's website).  IFT nonetheless sued only the non-operating parent, SMIC Cayman.

SMIC Cayman has tried on multiple occasions to make sure that the right parties are involved in this case to deal with IFT's allegations head on.  Although it had no obligation to do so, SMIC Cayman sought to correct this issue.  Specifically, instead of hiding the ball and trying to setup IFT for a procedural surprise down the road, SMIC Cayman notified IFT that it had "named the wrong entity." *See, e.g.*, Dkt. No. 43-2, at 2 (March 6, 2020 Ltr. to Renaud) (informing IFT that SMIC Cayman was wrongly named, and "you will find that the entity known as SMIC Americas does sell products in the United States").

IFT ignored SMIC Cayman's outreach, forcing SMIC Cayman to file a motion to dismiss. Dkt. No. 47-5 (responding to SMIC Cayman's letter, but ignoring its request to correct the parties in the case); Dkt. No. 42 (SMIC Cayman Motion to Quash and Dismiss).  During the briefing process for the motion to dismiss, SMIC Cayman conferred with IFT in an attempt to resolve the

dispute about the proper parties to add.  SMIC Cayman again informed IFT of what it already knew: (1) SMIC Cayman's subsidiaries, not SMIC Cayman, manufactured and sold the semiconductor devices at issue in this case, and (2) the identities of these subsidiaries were provided on the SMIC group's website.  *See* Dkt. No. 47-6 (March 26, 2020 Ltr. to Rizk).  Instead of fixing this issue, by dismissing SMIC Cayman and naming the right parties, IFT opposed SMIC Cayman's motion to dismiss the very next day after the conference.  Dkt. No. 47 (Opposition to Motion to Quash and Dismiss).

In that briefing to this Court, IFT disputed SMIC Cayman's position that SCA was relevant. Dkt. No. 47, at 8 ("SMIC, Not SMIC, Americas, Is the Proper Defendant").  IFT's actions put the operating subsidiaries (including SCA) in a difficult position.  Their products were accused of infringement in a case to which the plaintiff refused to name them as parties.  In fact, IFT's Opposition to the motion to dismiss even cited a public document where SCA and other SMIC entities admitted ties with the products IFT accused in this case.  *See* Ex. 47-10 ¶¶ 17-18 (SCA, SMIC Shanghai, and SMIC Beijing admitting to implementing 40-nanometer and 28-nanometer processes); Ex. B (Complaint, *Lone Star Silicon Innovations LLC v. Semiconductor Mfg. Int'l Corp.*, Case No. 2:16-cv-1276-JRG-RSP (E.D. Tex. Nov. 16, 2016)).[1]  Accordingly, the operating subsidiaries filed a declaratory judgment action in the Northern District of California to clear the cloud over their businesses.  That case was filed on April 2.  Dkt No. 82-8.  IFT eventually amended its complaint to add additional entities (effectively conceding that it had the wrong "SMIC" party in the first place), but still refused to add all of the relevant parties.  Dkt. No. 59 ¶¶ 5-16 (adding various SMIC manufacturing entities, but not SCA).

---

[1] This action was transferred from the Eastern District of Texas to the Northern District of California in light of *TC Heartland*.  *See* Ex. E (Order Granting Motion to Transfer Venue).

This motion deals with IFT's cherry-picking of certain SMIC entities and more importantly, exclusion of the only SMIC entity that has a presence in the United States.  IFT has never explained why it named some SMIC entities but not others.  But the impact of IFT's decision is undeniable: the only SMIC entity that performs the specific activities in the United States that IFT alleges infringes is not in the case.

### III.    LEGAL STANDARDS

#### A.    Federal Rules of Civil Procedure 12(b)(7) and 19

Under Rule 12(b)(7), dismissal is appropriate if there has been a failure to join a required party under Rule 19.  Rule 19 sets forth when a party is required:

> (a) Persons Required to Be Joined if Feasible.
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > >
> > > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"The goal of Rule 19(a)(1) is to protect the interests of the parties by affording complete adjudication of the dispute. Judicial economy is aided by avoiding repeated lawsuits concerning the same subject matter." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 904 (C.D. Cal. 2011) (citing *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970)).  Once the defendant meets its

6

initial burden of demonstrating a party is necessary, the burden shifts to the plaintiff to prove otherwise. *Hood ex. rel. Mississippi v. Cty. Of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

"In the Fifth Circuit, among others, subsidiaries that are the primary participants in the events giving rise to litigation are considered necessary parties that are required to be joined in that litigation." *Jaffer v. Standard Chtd. Bank*, 301 F.R.D. 256, 260-61 (N.D. Tex. 2014); *Freeman v. Northwest Acceptance Corporation*, 754 F.2d 553, 559 (5th Cir. 1985) ("[subsidiary] was more than an active participant in the conversion alleged by the [plaintiff]; it was the primary participant. Case law in this and other circuits uniformly supports the proposition that joinder of the subsidiary is required in such a situation."); *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981). Whether the subsidiaries "are necessary depends on whether they were active participants in the alleged wrongful conduct, or whether the conduct complained of was solely that of the parent company [] and the other named [] entities." *In re Toyota*, 785 F. Supp. 2d at 905 (citing *Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir.1971)).

If an absent party is necessary, but "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors for the court to consider include: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

In making this determination the court "may go outside the pleadings and look to extrinsic evidence" such as documents or affidavits when considering a Rule 12(b)(7) motion. *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at \*2 (S.D. Tex. June 30, 2011).

### IV.    ARGUMENT

The Court should dismiss this suit under Fed. R. Civ. P 12(b)(7) for failure to join a required party under Rule 19.  Rule 19 sets forth several alternative criteria for determining that a party is "required."  Two of those criteria apply here because the absentee party (SCA) (a) is necessary to accord complete relief; and (b) cannot defend its interests without being a party.

First, the current case involves products that SCA sells in the United States.  While other SMIC entities manufacture the products and may assist with the sales process from abroad, none of the accused SMIC affiliate perform those activities *in the United States*.  Thus, SCA is necessary to accord complete relief to this action for infringement in the United States.  Second, SCA has an interest in the outcome of this matter.  SCA's products are at issue.  IFT has also accused SCA's clients of infringement.  IFT cannot prevent SCA from protecting its own interest in this case.

### A.    SCA Is a Required Party to this Suit Under Rule 19

The threshold requirements of Rule 19 are whether the absent party (in this case, SCA) (1) is subject to service of process; and (2) whether joinder of SCA would affect subject-matter jurisdiction.  *See* Fed. R. Civ. P. 19(a)(1) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . ").  SCA is subject to service of process—it has a registered agent to accept service of process.  Ex. C (SCA Statement of Information).  And because this is a patent dispute involving IFT's allegations of infringement against SMIC products, adding SCA does not affect the subject matter jurisdiction of the case.  28 U.S. Code § 1331.

Rule 19 then sets forth several alternative criteria, any of which would qualify for labeling a party as a required party.  SCA meets multiple of those criteria.

### 1.    *Without SCA, the Court Cannot Accord Complete Relief Among the Parties*

Rule 19 states that a party is "required" if "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  The basis for IFT's request for relief is IFT's allegation that the SMIC entities make and sell allegedly infringing products in the United States.  *See, e.g.,* Amended Complaint ¶¶ 101-103 (referring to sales to United States customers as allegedly infringing acts).  Although IFT attributes these activities generally to "SMIC," *i.e.*, SMIC Cayman, SCA is the entity responsible for sales activity in the United States.  Dkt. No. 43-2, at 2 ("you will find that the entity known as SMIC Americas does sell products in the United States").  IFT also alleges that the manufacturing SMIC entities' manufacturing processes infringe, but the very evidence that IFT cites in its Amended Complaint shows that manufacturing occurs overseas.  Amended Complaint ¶¶ 2-3 (citing SMIC Cayman's 2018 Annual Report, which lists all of SMIC Cayman's manufacturing subsidiaries as being located abroad, Dkt. No. 47-1, at 165).  Thus, IFT's claims of direct infringement against SMIC entities under U.S. patent law are directed at the domestic sales activities of nonparty SCA—not the actions of foreign SMIC affiliates that take place abroad.  *See Timberlake*, 2011 WL 2607044, at *2-3 (in a products liability case, finding two entities that were responsible for selling the accused products as necessary parties) (citing, inter alia, *Lopez v. Shearson Am. Express, Inc.*, 684 F. Supp. 1144, 1147 (D.P.R. 1988)).

SMIC Cayman previously raised the absence of SCA in a motion to dismiss.  Dkt. No. 42, at 16 ("There is one SMIC-related entity that sells and markets to other companies like Broadcom and Cypress, and that company, which is based in California, is called 'SMIC Americas.'").  IFT

responded that SCA was *not* a proper defendant because it *does not* "conduct[] the foundry operations [allegedly] implementing IFT's patented technology that infringe the Asserted Patents." Dkt. No. 47, at 8.  To be clear, the SMIC manufacturing entities manufacture semiconductor devices—but *outside of the United States.*  Dkt. No. 82-8 ¶¶ 2-4, 6-7.  IFT's response therefore misses the issue.  IFT is asserting United States patents in this case, and to the extent that IFT has any claim for damages in this case, that claim must be against activities that occur in the United States.  No SMIC entity manufactures the accused devices in the United States, and the only SMIC entity in the United States that sells the accused devices is SCA.

It follows that SCA is required to accord complete relief among the parties.  IFT cannot circumvent basic due process and jurisdictional rules to hold the other foreign SMIC entities (SMIC BVI, SMIC Manufacturing Entities, or SMIC Cayman) responsible for the actions of SCA. *In re Toyota*, 785 F. Supp. 2d at 906 (finding defendants to be required under Rule 19 because "[i]f Plaintiffs prevail, they cannot obtain complete relief against the named Toyota Defendants, including TMC, because their claims seek to hold the Toyota Defendants liable, in part, for the actions of unnamed subsidiaries and/or sister companies.").  Similarly, if the foreign SMIC entities prevail in this case, they will not be afforded complete relief because IFT will likely ignore issue preclusion and try to sue SCA. *Id.* ("Likewise, if the Toyota Defendants prevail, they cannot be afforded complete relief because foreign Plaintiffs unhappy with the result could turn around and sue the absent Toyota entities in their home countries.").  Thus, SCA is a required party under Fed. R. Civ. P. 19(a)(1)(A).

### 2.   *Disposing of the Action Without SCA Impairs SCA's Ability to Defend Itself and Its Customers*

The second part of Rule 19 alternatively states that a party is "required" if the party (a)

"claims an interest" in the action; and (b) "disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Both requirements are met here.

First, SCA has an interest in the action. Most importantly, SCA sells the products that IFT accuses of infringement. *See* Amended Complaint ¶ 106; Dkt No. 82-8 ¶ 12 ("SMIC, Americas sells semiconductor devices … in the United States to various customers."). IFT's Amended Complaint, when setting forth the basis for its claim, highlights these sales and other activities of SCA. *Id.* ¶ 101 ("SMIC and its Subsidiaries have and continue to make, have made, use, ***sell***, offer for sale, import, have imported, test, design, and/or market ***in the United States*** semiconductor devices, integrated circuits, and products containing the same.") (emphasis added).

Second, disposing of the action without SCA would impede SCA's ability to defend its products. For example, a finding of infringement against the foreign SMIC entities necessarily prejudices SCA who sells the accused devices in the United States. *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) ("A judgment against Defendant would undoubtedly prejudice the Subsidiaries, whose conduct is largely at issue in this case").

### B.      Joinder Is Not Feasible Because Venue Is Improper for SCA

Where a required party is absent from a case, joinder of that party is not an option if it would destroy venue. *See* Fed. R. Civ. P. 19; *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *Tick v. Cohen*, 787 F.2d 1490, 1493 (11th Cir. 1986) (listing the three factors that may make joinder unfeasible).

Venue is not proper over SCA, which is precisely why IFT has avoided naming them here. SCA is incorporated in California, and resides in California under § 1400(b). Ex. D (SCA Articles of Incorporation); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Additionally, SCA does not have a regular and established place of business in Texas.

The Federal Circuit has held that the regular and established place of business requires that there must be a physical place in the district from which business is conducted.  *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017) ("The statute requires a 'place,' i.e., '[a] building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted."). SCA only has a regular and established place of business at its headquarters in San Jose.  Dkt No. 82-8 ¶ 1.

There is little doubt that IFT is aware of the lack of venue over SCA in this district.  IFT refused to add SCA to this suit even after SMIC Cayman explained SCA's relation to the allegation in IFT's complaints.  And IFT made the calculated decision to file an amended complaint adding other foreign SMIC entities as defendants (indeed, adding all declaratory judgment plaintiffs except for SCA), but excluding the sole domestic SMIC entity that sells the accused products in the United States.  Notably, prior patent infringement matters against SCA have been transferred from Texas to the Northern District of California for this reason.  *See* Ex. E (Order Granting Motion to Transfer Venue, *Lone Star Silicon Innovations LLC v. Semiconductor Mfg. Int'l Corp.*, Case No. 2:16-cv-1276-JRG-RSP (E.D. Tex. July 14, 2017), ECF 44).  As venue is not proper in this district for SCA, it cannot be joined under Rule 19.

### C.     This Suit Should Not Proceed Without SCA

Once the Court determines that a required party cannot be joined, it must determine whether in equity and good conscience the suit should proceed with the existing parties or should be dismissed. Fed. R. Civ. P. 19(b).  Rule 19 sets forth four factors to consider.  Each of the four factors favor dismissal here.

### 1.     Proceeding Without SCA Is Prejudicial to SCA and the Existing Parties

The first factor requires considering the prejudice that results from proceeding without the absentee party.  The Rule 19 test to determine whether a party is "required" already shows

12

prejudice to the absentee party.  *See* Fed. R. Civ. Pro. 19(a)(1)(A) (requiring a showing that in the absence of a party, the court cannot accord complete relief) *id.* at 19(a)(1)(B) (requiring a showing that an absentee party is unable to protect its interest).  Thus, for the same reason that SCA is a required party, proceeding without it is prejudicial to SCA.  *See*, *supra*, Sections IV.A.

When a required entity like SCA cannot be joined, courts hold that their absence is prejudicial to the absent party.  For example, in *Timberlake*, the court held that when the entities responsible for manufacturing the product at issue could not be joined, they "cannot adequately defend these interests without being present, their absence would be prejudicial, and the Court is unable to craft any protection against such prejudice."  2011 WL 2607044, at *5.  The *Timberlake* court accordingly dismissed the case.  *Id.*

Similar prejudices would apply to SCA here.  For example, a finding of infringement against the foreign SMIC entities necessarily prejudices SCA who sells the accused devices in the United States.  *Jurimex*, 201 F.R.D. at 340 ("A judgment against Defendant would undoubtedly prejudice the Subsidiaries, whose conduct is largely at issue in this case").

Proceeding without SCA is also prejudicial to the existing parties.  For example, the existing SMIC defendants are prejudiced to the extent they are forced to take responsibility for the actions of a separate corporate entity, SCA.  *See In re Toyota*, 785 F. Supp. 2d at 906 ("TMC is not liable for its foreign subsidiaries' actions, and the other named Toyota Defendants are not liable for their sister companies' actions, absent an agency or alter ego relationship").  Thus, this factor favors dismissal.

### 2.    *There Is No Way to Lessen Prejudice to SCA*

The second factor requires considering the extent to which prejudice to the absentee party could be lessened. Fed. R. Civ. Pro. 19(b)(2).  Where the absentee party is a principal actor (here, SCA sells products in the United States that IFT alleges to infringe its patents), courts have

struggled to find a solution to lessen the prejudices described above.  *In re Toyota*, 785 F. Supp. 2d at 909 ("The Court conceives of no solution to lessen prejudice in the absence of the unnamed foreign entities"); *Jaffer*, 301 F.R.D. at 266 ("while the court would mitigate the prejudice to the best of its abilities in any judgment, the ways to do so in this case are limited. The court would not seek to adjudicate the rights of an absent third-party, such as Standard Ghana, and would hope res judicata principles would be upheld in any subsequent litigation in other forums, but the practical prejudice stemming from a verdict against either party would likely remain.").  There is similarly no adequate way to lessen the prejudice here.  The second factor favors dismissal.

### 3.    *Any Judgment in this Case Would Be Incomplete Without SCA*

The third factor requires consideration of whether a judgment rendered without the absentee party is adequate.  Fed. R. Civ. P. 19(b)(3).  The Supreme Court has interpreted this factor to refer to the interest of the court and the public "in settling disputes by wholes, whenever possible."  *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111, 88 S. Ct. 733, 739, 19 L. Ed. 2d 936 (1968).  Here, judgment one way or the other (in favor of IFT, or in favor of the SMIC defendants) would be incomplete.  A judgment in favor of IFT based on the complained of actions which belong to SCA would be unfair and inconsistent, as none of those actions belong to any of the named defendants, and IFT has not provided any support to hold a different corporate entity vicariously liable for those actions.  *Jaffer*, 301 F.R.D. at 266 (finding the third factor to favor dismissal when "[t]he plaintiffs appear to be unable to provide any evidence supporting a veil-piercing (or any other) theory of liability against [parent company], and while a valid claim against [foreign subsidiary] may exist, the court cannot render a judgment against it.").  On the other hand, a judgment in favor of the SMIC defendants would have no finality, as IFT could file a near-identical suit against SCA.  This factor favors dismissal.

14

### 4.     IFT Has an Adequate Remedy

Under this factor, the court has found that an adequate remedy would be to sue where the necessary party *can* be joined.  *See Timberlake*, 2011 WL 2607044, at *5 (finding that the plaintiff had "an adequate remedy in that they could proceed against Synthes Haegendorf and Synthes GmbH in Germany, where Ms. Scott's disc was implanted, or in Switzerland, where Ms. Scott's ProDisc was manufactured."); *In re Toyota*, 785 F. Supp. 2d at 909 ("Plaintiffs will have an adequate remedy if the action is dismissed because, as they have already recognized, they could file suit in their respective home countries.")

Here, IFT has an adequate remedy in that it can proceed against SCA in the Northern District of California.  The relevant parties have already submitted to jurisdiction and venue, and IFT could resolve all of the facts in its Amended Complaint against the SMIC entities in one case. This would minimize prejudice and wasted litigation resources.  *See Jaffer*, 301 F.R.D. at 266.

Thus, because SCA is a necessary party but joinder is not feasible, all the factors favor dismissing the Amended Complaint.

### V.     CONCLUSION

For the foregoing reasons, this Court should dismiss the amended complaint.

Dated: July 6, 2020                                             Respectfully submitted,
                                                                **FISH & RICHARDSON P.C.**


                                                     By:  */s/ Ruffin B. Cordell*
                                                          Ruffin B. Cordell
                                                          Texas Bar Number 04820550
                                                          cordell@fr.com
                                                          FISH & RICHARDSON P.C.
                                                          1000 Maine Ave SW, Suite 1000
                                                          Washington, DC 20024
                                                          Telephone: 202-783-5070
                                                          Facsimile: 202-783-2331

Betty Chen
Texas Bar No. 24056720
bchen@fr.com
One Congress Plaza
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

David M. Hoffman
Texas Bar No. 24046084 |
hoffman@fr.com
FISH & RICHARDSON P.C.
One Congress Plaza
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Andrew Pearson
appearing *Pro Hac Vice* | pearson@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210-1878
Tel: (617) 521-7020
Fax: 617-542-8906

**COUNSEL FOR DEFENDANT SEMICONDUCTOR MANUFACTURING INTERNATIONAL (BVI) CORPORATION**

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 6, 2020, and it was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Ruffin B. Cordell*
Ruffin B. Cordell